IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAHQUEZ R. GLANTON, AIS 296577, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:21-CV-734-ECM-KFP |
| JASON SMOAK, et al., | ) |
| Defendants. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff filed this 42 U.S.C. § 1983 action on November 1, 2021. The Court's Orders dated November 4, 2021 (Docs. 3 and 4) were mailed to Plaintiff, but both were returned as undeliverable on November 15, 2021, because Plaintiff is no longer at the last service address he provided.[1] The Court entered an Order on January 7, 2022, requiring Plaintiff to provide his new address by January 24, 2022, or show cause why this case should not be dismissed for failure to prosecute. Doc. 14. The Order also advised that a failure to comply would result in dismissal. *Id*. Plaintiff's copy of this Order was returned as undeliverable on January 24, 2022.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). Here, Plaintiff's failure to provide a current address

---

[1] Plaintiff's last service address of record is the Houston County Jail in Dothan, Alabama.

reflects a lack of interest in the continued prosecution of this case, and it cannot proceed properly in Plaintiff's absence.

Accordingly, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **February 28, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of February, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE